Filed 3/17/23  P. v. Salceda CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080648 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD289047) |
| LEOVARDO SALCEDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Leovardo Salceda, in pro. per.; and Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from a conviction following a guilty plea.  Appellant's request for a certificate of probable cause (Pen. Code,[1] § 1237.5) was denied.

---

[1]    All further statutory references are to the Penal Code.

PROCEDURAL BACKGROUND

Leovardo Salceda pleaded guilty to voluntary manslaughter (§ 192, subd. (a)) and admitted personal use of a firearm (§ 12022.5, subd. (b)). Salceda was sentenced to the middle term of six years for manslaughter plus five years for the firearm enhancement.

The court imposed a restitution fine of $3,300 (§ 1202.4(b)). The court also imposed a $40 court security fee and a $30 criminal conviction fee. Salceda was awarded 471 actual days and 234 conduct days for a total of 705 days of custody credits.

Salceda filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Salceda the opportunity to file his own brief on appeal. He has responded by filing a lengthy supplemental brief. We will address Salceda's brief later in this opinion.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue which was considered in evaluating the potential merits of this appeal: Whether Salceda's presentence custody credits were properly calculated.

Salceda's supplemental brief is focused primarily on matters outside the record of this appeal. As we discuss his brief, we first point out this appeal is from the judgment imposed following his plea. Salceda does not challenge his plea and does not want to challenge his conviction or sentence.

2

At base, Salceda wants the court to direct corrections officials to change the calculation of his presentence custody credit. He also wants the court to direct prison authorities to provide him with a parole hearing, neither of which would be appropriate actions available to the court on this appeal.

Salceda's only record based challenge is to the calculation of custody credits. He claims he was entitled to credits under section 4019 since the crime was committed in 1988, before more restrictive credits were applicable.

The difficulty with his claim is the trial court was aware of the difference in custody credit calculation. Salceda was advised he received the section 4019 credits to which he was entitled. He did not challenge the calculation of credits in the trial court.

In short, Salceda's written submission does not raise any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Salceda was represented by competent counsel on this appeal.

### DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.

3